| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Rozalyn Y. Anderson, §
§
      Plaintiff, §
§
versus §      Civil Action H-15-1384
§
Select Portfolio Servicing, Inc., §
§
      Defendant. §

## Opinion on Dismissal

1. Rozalyn Y. Anderson sued Select Portfolio Servicing, Inc., because she says that it owes her a credit on the principal of her loan. She says that it owes her under a consent judgment between the General Motors Acceptance Corporation – an earlier holder of her note – and the government in the United States District Court for the District of Columbia. Her claims will be dismissed.

2. Anderson's complaint does not state a claim upon which relief can be granted. It is utterly devoid of facts. It contains her name, that she lives in Harris County, and that there is a consent judgment from April 4, 2012. She does not mention such basic facts as the property's address, whether she applied for a modification, the amount of the loan, why she qualifies for a modification under the judgment, etc.

3. Assuming she included some of the facts elicited at the hearing of June 10, 2015, it does not matter. She has no standing to sue to enforce a judgment to which she was not a party.[1]

---

[1] Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975).

4. At the hearing Anderson said that she thought herself to be a third-party beneficiary under the judgment. She has not pleaded facts to substantiate her claim. She has nothing to show that the government or General Motors intended her to be able to sue to enforce a benefit conferred by the judgment. The judgment definitively establishes that neither party intended that result. It gives a mechanism by which a consumer may make a claim. It sets a monitor to ensure that the judgment is followed. It does not envision private claims by consumers across the country.

5. Assuming she stated a claim and had standing, the facts belie it. On January 29, 2013, General Motors offered to modify Anderson's mortgage. She needed only to sign and submit the modified payment. She did neither.

6. Anderson stopped paying her mortgage in October of 2011. She has paid nothing since. She has not paid property tax or insurance.

7. Anderson's request for leave to amend her complaint a second time is denied. When asked what she would include in the amended complaint, Anderson said that she might name Ocwen – the original party in her first petition whom she voluntarily dismissed when she amended her petition. Ocwen does not hold the note. Ocwen is no longer servicer of the loan. Ocwen has made no claim for payment from Anderson since Select began servicing the note. Anderson has no colorable claim against Ocwen. Anderson has not shown that she could remedy the defects in her amended complaint if given leave to amend a second time.

8. Rozalyn Y. Anderson's claims against Select Portfolio Servicing, Inc., will be dismissed with prejudice.

Signed on June 18, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge